

**FILED**

SEP 21 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT,<br><br>Respondent. | Cause No. CV 17-131-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Tracey R. Godfrey's Petition for a Writ of Mandate. (Doc. 1). This Court will review the petition pursuant to 28 U.S.C. §1915A.

Mr. Godfrey seeks an order from this Court compelling the State of Montana to disclose a forensic medical evaluation that was performed on the victim involved in Mr. Godfrey's 2000 criminal case. (Doc. 1 at 1). Mr. Godfrey apparently learned of the existence of the evaluation during his parole hearing on September 29, 2016. *Id.* Mr. Godfrey contends that because the State did not disclose the evaluation, this Court is duty bound to order its disclosure.[1] Mr.

---

[1] The Court is familiar with this claim. Mr. Godfrey filed a previous habeas petition under 28 U.S.C. §2254, wherein he contended his petition, although successive in nature, warranted consideration because it was based upon this alleged newly discovered evidence, specifically the evaluation that was purportedly never provided to him or the defense prior to his 2000 conviction for Sexual Assault. Mr. Godfrey's petition was dismissed. *See Godfrey v.*

1

Godfrey specifically advises the Court that the pending petition is not a petition for habeas corpus under 28 U.S.C. §2254. *Id.*[2]

## I. Motion to Proceed In Forma Pauperis

Godfrey moves to proceed in forma pauperis. (Doc. 2). Because there is no need to delay this matter further, the motion will be granted.

## II. Writ of Mandate/Mandamus

In support of his petition, Godfrey cites to Mont. Code Ann. §46-15-327, referencing the Continuing Duty to Disclose Evidence:

> If at any time after a disclosure has been made any party discovers additional information that would be subject to disclosure had it been known at the time of disclosure, the party shall promptly notify all other parties of the existence of the additional information or material and make an appropriate disclosure.

Mr. Godfrey's citation to Montana law is unavailing.

The federal mandamus statute, only applies to federal officers and their employees, not state officers and their employees. *See* 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

---

*State*, CV 17-81-M-DLC-JCL (D. Mont. Jud. entered Aug. 30, 2017).

[2] Mr. Godfrey has also filed five additional habeas petitions challenging both the underlying sexual assault conviction and the persistent felony offender sentence that he received. See: *Godfrey v. Mahoney*, CV 09-35-M-DWM-JCL (D. Mont. judgment entered Jan. 8, 2010); *Godfrey v. Kirkegard*, CV 14-27-M-DLC-JCL (D. Mont. judgment entered May 2, 2014); *Godfrey v. Kirkegard*, CV 14-164-M-DLC-JCL (D. Mont. judgment entered June 12, 2014); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. judgment entered June 20, 2014); and, *Godfrey v. Montana*, CV 16-04-M-DLC-JCL (D. Mont. judgment entered Jan. 19, 2016).

2

thereof to perform a duty owed to the plaintiff.") Thus, the courts of the United States have no authority to issue writs of mandamus to direct state courts or state officers in the performance of their duties. *See Rothstein v. Montana State Supreme Court*, 637 F. Supp. 177, 179 (D. Mont. 1986); *Demos v. U.S. District Court*, 925 F. 2d 1160, 1161-62 (9th Cir. 1991) (A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law.").

Mr. Godfrey cannot obtain a federal writ of mandamus compelling either the state prosecutors who were involved in his criminal case, or the state officials involved in his current supervision, to take action. The petition for writ of mandate should be dismissed.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## ORDER

1. Mr. Godfrey's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

## RECOMMENDATION

1. Mr. Godfrey's Petition (Doc. 1) should be **DISMISSED** for lack of subject matter jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Godfrey may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Godfrey is being served by mail, he is entitled to an additional three (3) days after the period would otherwise expire.

<u>Mr. Godfrey must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 21st day of September, 2017.

/s/ *Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge